UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PATRICK and SORAYA AUGHNEY,                               No. 10-12666

                            Debtor(s).
_____/

Memorandum on Motion to Expunge Class Claim
_____

       The motion of Chapter 13 debtors Patrick and Soraya Aughney to expunge a class proof of claim came on for hearing on January 14, 2011. A similar motion in the related case of Certified Parking Attendants, LLC, was heard earlier on the same calendar and the court states its reasoning in that case on the record. When this case was called, all counsel assumed correctly that the court's ruling would be substantially the same and did not argue the matter further. The court issues this memorandum to explain its reasoning due to the lack of a meaningful record in this case.

       The essential problem with a class proof of claim is that class action procedures often conflict with established bankruptcy procedures. See *In re Musicland Holding Corp.*, 362 B.R. 644, 650 , 651 (Bankr. S.D.N.Y. 2007). However, class claims can be allowed, especially where a class was certified before bankruptcy or principles of equity and simple justice militate in favor of a claim being pursued on behalf of a class. *In re Birting Fisheries, Inc.,* 92 F.3d 939 (9th Cir. 1996). Those considerations are not present here.

       In prerequisite for allowance of a class proof of claim is that the proponent must seek and obtain a determination of the Bankruptcy Court that Rule 7023 of the Federal Rules of Bankruptcy

Procedure be made applicable to the claims process. Until that is done, a class proof of claim is not proper. *In re American Reserve Corp.*, 840 F.2d 487, 488 (7th Cir. 1988); *Reid v. White Motor Corp.*, 886 F.2d 1462, 1470-71 (6th Cir. 1989). That has not been done here.

Moreover, it appears that the putative class members are not representative of the class they purport to represent, as none of them were employed in the 180 days before bankruptcy and therefore cannot have priority claims.[1] A class representative must be a member of the class he claims to represent. *General Telephone Co. v. Falcon*, 457 U.S. 147, 156, 102 S.Ct. 2364, 2370, 72 L.Ed.2d 740 (1982).

For the foregoing reasons, the motion to expunge the class claim will be granted. An appropriate order will be entered.

Dated: February 4, 2011

                                          Alan Jaroslovsky
                                          U.S. Bankruptcy Judge

---

[1] The debtors point out, quite correctly, that the opposition to their motion was tardy. Claimants do not dispute that they do not have priority claims and therefore cannot represent the class. Since the court has taken no testimony on this issue, however, its finding remains tentative and can be reconsidered pursuant to Rule 3008 of the Federal Rules of Bankruptcy Procedure.

2